## Parker v. Thomas C. Cecil Lodge No. 375 F. & A. M.

(Decided December 2, 1921.)

### Appeal from Pike Circuit Court.

1. Deeds—Construction.—The deed of conveyance under which both parties are claiming an interest in the property in controversy construed to vest in the appellant the title to the lot and to grant to the appellee the use and occupancy of the second story of the original building thereon, or the second story of any building erected thereon, to replace the one existing at the time the deed was executed, with the right of reasonable means of ingress and egress to and from the rooms in said second story.

2. Deeds—Construction—Ingress and Egress.—A provision in the deed reserving to the two grantees unmolested ingress and egress to and from their several apartments in the building, each free from the prevention and molestation of the other, cannot be construed as vesting in them a joint title to the lot in view of the intent and purposes otherwise and elsewhere clearly expressed in the instrument.

3. Deeds—Use of Part of Building.—A clause in the deed reserving to the appellee the right to use, occupy and enjoy a second story of any building that may or might be erected on the lot has reference to any building erected in replacement of the one then existing, in the event of its destruction, and vests in appellee no rights with reference to buildings subsequently constructed on another part of the lot.

4. Injunction—Evidence.—Evidence examined and held to be insufficient to warrant the granting of an injunction.

P. B. STRATTON for appellant.

J. J. MOORE and AUXIER, HARMON & FRANCIS for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

This appeal is prosecuted from a judgment of the circuit court of Pike county, construing a deed of conveyance from W. M. Connelly and his wife, Martha J. Connelly, to J. M. Fiddler, C. M. Parsons, Thomas O. Marrs and their successors, as trustees of the M. E. Church, South, and the Thomas C. Cecil Lodge No. 375 of Freemasons, and enjoining and restraining the appellant, Parker, from interfering with appellee in the construction of a second story upon a newly constructed building placed upon a part of the lot embraced in the convey-

ance and from obstructing a passway to and from the second story of the old building standing on the lot.

On November 20, 1880, Fayette Hewitt, on behalf of the state of Kentucky and as auditor thereof, conveyed to W. M. Connelly a small lot of land situated in Pikeville, Kentucky. Thereafter there was erected on the lot a two-story brick structure, the first story of which was used as a place of worship by the M. E. Church, South, and the second story occupied and used as a lodge room by the appellee, Thomas C. Cecil Lodge No. 375. After the completion and occupancy of the building as indicated, Connelly, on May 14th, 1885, conveyed the property to the aforesaid trustees and their successors for the use and benefit of the church and lodge.

The building was continuously occupied by the church and lodge for many years, but in 1912 the church, through its trustees, sold and conveyed its interest in the lot and building to appellant, Parker, who later converted the lower story into a store room and built an addition to the front of the building, enlarging the lodge room and changing the rear entrance to a front one.

In 1919 appellant, Parker, erected on the lot additional one story buildings to the rear and on the north side of the old building, and thereupon this action was instituted, wherein, in addition to the injunctive relief sought, the appellee asked that the Thomas C. Cecil Lodge No. 375 be adjudged the owner of an undivided one-half interest in the lot in question, or, if that be not done, that it be adjudged the ownership of the second story of any building that might be erected on it.

It was adjudged by the court below that the appellee lodge was entitled to and had the right to construct a second story upon the recently constructed buildings standing on the lot and that the space above the second story of the buildings or any other building erected thereon was and should be owned jointly by the appellee and the appellant, with equal property rights therein.

The rights of the parties to and their respective interests in the property in controversy must be determined by the terms and conditions of the deed from Connelly to the three trustees mentioned, there being no other evidence in the record applicable to the subject. It is not shown to what extent either the church or the lodge contributed to the purchase price of the lot at the time Connelly acquired it, nor is it shown in what capacity Connelly acquired the title except by the recitation in his

deed to the trustees to the effect that the conveyance was made in consideration of the trust confided to him and for the purpose of carrying out the intention of his purchase.

Preliminary to a discussion of the questions presented in the judgment appealed from it is proper to state that the language employed in the deed in question clearly manifests an intention of vesting the title to the lot in the church. Indeed, it is clearly stated that the title to the lot of ground on which the house stands is to vest in the church. This seems to have been the construction adopted by the circuit court and in that view we concur. That construction is not affected by the provision in the deed reserving to the two grantees thereunder unmolested ingress and egress to and from their several apartments, each free from the prevention and molestation of the other. Such a provision cannot effectuate a change in the intent and purposes otherwise and elsewhere clearly expressed in the instrument.

Nor can it be maintained, as contended by appellee, that the title to only that part of the lot on which the original building rests passed to the church. The title to the entire lot vested in the church, subject to the right of the appellee lodge to reasonable means of ingress and egress to and from its rooms on the second floor of the original building.

The clause of the deed upon which the judgment of the lower court was apparently based is as follows:

"It is further intended to vest the absolute title to the first story of said house in the trustees for the use and benefit of the church and the second story in the lodge; the title to the lot of ground on which the house stands to vest in the church aforesaid, and should the building be destroyed by fire or otherwise either or both shall have a right to rebuild, always reserving the right to the Masonic fraternity to use, occupy and enjoy and have full right to and control of the second story of any building that may or might be erected on said lot."

The reservation in this clause with reference to the Masonic fraternity applies to any building erected in replacement of the one then existing, in the event of its destruction, the grant of the use and control of the second story of the existing building having already been made. To extend the application to buildings constructed on the lot at a later period, unless constructed for the purpose of replacing the building then existing, would give to the clause a broader interpretation than is warranted. The

right to occupy and enjoy and to have full control of the second story of any building that may or might be erected on the lot refers to a contingency which the grantor anticipated, that is, to the destruction of the building then existing and the erection of another in its place, and does not refer or apply to the buildings constructed by the appellant Parker. In this respect the judgment of the court below is erroneous.

It was also error to enjoin and restrain appellant from obstructing the means of ingress and egress to and from the second story of the original building. The right of appellee to reasonable and unmolested means of ingress and egress to and from the lodge is unquestioned, but the evidence fails to show any interference with that right. The old entrance was closed and a new one made, but this was done with the permission and consent of appellee and pursuant to an agreement between it and the appellant. There is nothing in the record to show that the present entrance is not sufficient and quite as convenient as the old one. It that view of the case it was error to grant the injunction.

For the reasons stated the judgment is reversed with directions to the court below to dismiss the petition.